# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAVIER ADDIEL PICADO-PEREZ,

       Petitioner,

v.

SAM OLSON, MARKWAYNE
MULLIN, TODD BLANCHE,
DEPARTMENT OF HOMELAND
SECURITY, EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW, and
SCOTT SMITH,

       Respondents.

Case No. 26-CV-1009-JPS

**ORDER**

## 1. INTRODUCTION[1]

Petitioner Javier Addiel Picado-Perez ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and held at the

---

[1] Petitioner names as Respondents Sam Olson as the Acting Field Office Director of the Chicago Field Office for Immigration and Customs Enforcement ("ICE") and Scott Smith as the Jail Administrator of the Dodge County Jail. ECF No. 1 at 1, 4. However, this information is no longer correct. *See* Press Release, U.S. Atty's Off., N. Dist. of Ill., Illegal Alien Sentenced to a Year in Prison for Feloniously Assaulting Law Enforcement Officers During Arrest Sentenced to a Year in Prison for Feloniously Assaulting Law Enforcement Officers During Arrest (May 13, 2026), https://www.justice.gov/usao-ndil/pr/illegal-alien-sentenced-year-prison-feloniously-assaulting-law-enforcement-officers ("The sentence was announced by . . . Raymond Hernandez, Acting Field Director for ICE-ERO in Chicago"); *Altez v. Smith*, No. 26-CV-187-JPS, 2026 WL 1256970, at *1 (E.D. Wis. May 7, 2026) (naming Dale Schmidt as the custodian of the Dodge County Jail). The Court will direct the Clerk of Court to substitute Field Office Director of the Chicago Field Office for ICE, Raymond Hernandez, for Sam Olson and Jail Administrator of the Dodge County Jail, Dale Schmidt, for Scott Smith. FED. R. CIV. P. 25(d).

The Court is skeptical that any of the Respondents—apart from Dodge County Jail Administrator—are properly sued in this case. *See* 28 U.S.C. § 2243

Dodge County Jail in Juneau, Wisconsin, where Respondent Dale Schmidt ("Schmidt") is his physical custodian. *See supra* note 1; ECF No. 1 at 1. Petitioner argues that his continued detention is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 at 2; 10–12. Petitioner seeks a writ of habeas corpus

> requiring that Respondents schedule a bond hearing under 8 U.S.C. § 1226(a) before an [immigration judge] no later than five days from the date of this [p]etition, where the [G]overnment shall bear the burden of proving the [P]etitioner's continued detention is justified; and (2) ordering Petitioner's immediate release if Respondents fail to provide him with a bond hearing within that time.

*Id*. at 12. Petitioner also seeks an order "[d]eclar[ing] that Petitioner's detention without a bond hearing violates the Due Process Clause of the Fifth and Fourteenth Amendments and 8 U.S.C. § 1226(a)" and that his "re-detention without an individualized assessment and opportunity to respond after being released on parole violates the Due Process Clause of the Fifth and Fourteenth Amendments and 8 C.F.R. § 212.5(e)(2)(i)." *Id.* This Order screens the petition.

## 2. SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the

---

("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Kholyavskiy v. Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006) (discussing the proper Respondent to name in the context of immigration-related habeas petitions). To the extent Respondents, other than Schmidt, believe that they are improperly named, they should move for appropriate relief.

Case 2:26-cv-01009-JPS     Filed 06/10/26     Page 2 of 7     Document 4

habeas petition. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Vermillion v. Levenhagen*, 519 F. App'x 944, 945 (7th Cir. 2013) (citing *Phillips v. Brennan*, 912 F.2d 189, 191 (7th Cir. 1990)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

### 3.     FACTS

The following relevant facts are drawn from the petition, ECF No. 1, and accepted as true for the purposes of screening.

Petitioner is a "Nicaraguan national who, fleeing government persecution, arrived in the U.S. seeking asylum on or around October 24, 2022." ECF No. 1 at 5; *see also id*. at 3. Shortly after entering the country, he was apprehended by Customs and Border Patrol ("CBP") in Eagle Pass, Texas. *Id*. at 1, 5.  Prior to his release from CPB custody, he was placed in removal proceedings, with an initial court date set for April 27, 2026. *Id*. at 1. He was released on parole under 8 U.S.C. § 1182(d)(5) for the purpose of

pursuing his application for asylum, which he filed on May 1, 2024. *Id*. at 5. Upon his release, he was served with a notice to appear in connection with charges of entering the country without inspection and not being in possession of travel documents in violation of 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I) respectively. *Id*.

In March 2024, Petitioner was involved in domestic incident, which led to a conviction for misdemeanor disorderly conduct following a jury trial in February 2026. *Id*. at 5; *State of Wisconsin vs. Javier Addiel Picado*, Case No. 2024CF000172 (Dodge Cnty. Cir. Ct. 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000172&county No=14&index=0&mode=details (last visited June 10, 2026) ("State Case"). As a result, he spent 50 days in Dodge County Jail starting on March 20, 2026. State Case, Mar. 6, 2026 docket entry.

At some point during his incarceration, ICE officials initiated the process to transfer him into their custody at the Dodge Detention Facility. ECF No. 1 at 6. Instead of being released at the completion of his sentence, he was transferred into ICE custody and has been continuously detained since April 2026. *Id*. He was taken back into ICE custody without being served with any notice of parole termination, written explanation, or individualized determination setting forth the reasons for his re-detention. *Id*.

### 4.     LAW & ANALYSIS

Petitioner asserts that, while the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq.,  provides for mandatory detention of noncitizens in removal proceedings in certain circumstances, those in Petitioner's situation—people who are applicants for admission but encountered in the interior of the United States—are to be afforded a bond

hearing under Section 1226(a). *Id.* at 7–10. Despite this, Petitioner contends, Respondents have "adopt[ed] a novel interpretation of the INA that view[s] all individuals entering without admission as subject to mandatory detention," which he regards as an "abrupt[]" shift in their interpretation of the INA. *Id.* at 7. According to Petitioner, Respondents' new view is "erroneous," and results in due process violations and violations of the INA. *Id.* at 8–12.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of the United States." Petitioner has raised a constitutional challenge to his ICE detention. At this stage, the Court cannot say that this challenge appears frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the petition is untimely.

Petitioner does not indicate whether he exhausted all administrative remedies. *See generally* ECF No. 1. But the Court will not dismiss the petition on this basis at this juncture. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*)).

Because Petitioner's claims survive screening, the Court will order Schmidt to respond to the petition.[2] 28 U.S.C. § 2243 ("A court . . .

_____

[2]The Court recognizes that the United States District Court for the Eastern District of Wisconsin has a Memorandum of Understanding with the United States Attorney's Office for the Eastern District of Wisconsin ("USAO") which states that "[t]he USAO agrees to respond to the substance of [§ 2241] petition[s] on behalf of the federal detainee's custodian and any federal respondents named in the petition. Memorandum of Understanding Regarding Habeas Corpus Petitions

entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Schmidt's time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Schmidt shall respond to the petition within **ten (10) days** of this Order. Once Schmidt has filed his response, Petitioner will have **five (5) days** within which to reply.

**5. CONCLUSION**

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition, ECF No. 1, and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED** that within **ten (10) days** of receipt of service of the petition, Respondent Dale J. Schmidt shall file a response to the petition, including reasons why the writ of habeas corpus should not be issued; Petitioner may reply within **five (5) days** from the date Respondent files his response; Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition

---

filed under 28 U.S.C. § 2241 – Federal Detainees, U.S. Dist. Ct. E. Dist. of Wis., 1 (Dec. 10, 2025), https://www.wied.uscourts.gov/sites/wied/files/general-ordes/12.10.25%20MOU%20between%20USDC%20and%20USAO%20re%2028%20USC%202241%20Petitions%20-%20Updated%20Ex%20A.pdf [https://perma.cc/AJ6U-XNA6] (last visited June 7, 2026). Accordingly, the Court will expect that Schmidt's response be filed by the USAO rather than Schmidt's counsel.

Case 2:26-cv-01009-JPS    Filed 06/10/26    Page 6 of 7    Document 4

by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge